UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DR. RITA MELKNONIAN, a Professional Corporation,

                  Debtor(s).
_____/

JEFFRY G. LOCKE, Trustee,

                  Plaintiff(s),

    v.

DR. RITA MELKONIAN, et al.,

                  Defendant(s).
_____/

No. 03-12587

A.P. No. 04-1070

### Memorandum on Motion to Vacate Default

    Louis S. Franecke is the attorney for defendants in this adversary proceeding brought by the Chapter 7 trustee to recover allegedly avoidable transfers. In what is arguably a lapse of judgment which belies his 33 years of practice, he is also a defendant in the case and has never defended a preference action before. Admittedly mis-reading an order from the court, he failed to calendar a scheduling conference. Defendants' default was entered for failure to attend the conference. They now seek relief from default on the basis of excusable neglect.

1

While Franecke's mistake also belies his experience, it falls within the liberal definition of excusable neglect. What is astounding to the court, however, is his insistence that he need not show a meritorious defense as part of his motion. "Although FRCP 60(b)(1) speaks only of mistake, inadvertence, surprise, or excusable neglect, it is well-established that a defendant must prove the existence of a meritorious defense as a prerequisite to obtaining relief on these grounds." 21A **Fed.Proc.L.Ed**., Judgments and Orders § 51:150, citing cases from eight circuits. The court would be entirely justified in denying the motion for this defect alone, let alone the effect of the mistake in completely thwarting the court's expressed desire to hear the trial promptly.

Defendants' only saving grace is their response to a motion for partial summary judgment previously filed by plaintiff. While defendants' response is rambling and hardly convincing as to any defense, it contains enough information for the court to glean that a defense might be meritorious. It appears that the court has discretion to consider these papers and, for the sake of adjudication on the merits, the court will exercise this discretion in favor of defendants.[1] However, plaintiff must be compensated for the considerable expense caused by Franecke's neglect.

For the foregoing reasons, the motion to vacate the default will be granted if, within 10 days of the date of this memorandum, defendants pay to counsel for plaintiff the sum of $3,619.50, which counsel may accept as a credit against their fees in the case. If said sum is not timely paid, the motion will be denied. Counsel for plaintiff shall submit an appropriate form of order.

Dated: May 5, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Defendants ought to consider the difficulty with which the court typed these words. Franecke's inexperience in matters of this type, coupled with his lack of objectivity due to being a defendant himself, foretell a grueling experience for the court at the trial of this matter. The court will grit its teeth and do its duty, but defendants are warned that this is as much slack as they can expect.

2